# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KIM-KHOI THAI TRAN,** | CASE NO. 1:20-cv-00946-AWI-JLT (PC) |
| **Plaintiff,** | |
| v. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO EXHAUST** |
| **J. NICKELL, et al.,** | |
| **Defendants.** | (Doc. No. 16) |

Plaintiff Kim-Khoi Thai Tran is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302.

On March 4, 2021, the assigned magistrate judge found that Plaintiff failed to exhaust administrative remedies before filing suit, as required by the Prison Litigation Reform Act. Doc. No. 13. Therefore, the magistrate judge ordered Plaintiff, within twenty-one days, to show cause why this action should not be dismissed for his failure to exhaust. Id. at 2. Plaintiff failed to respond to the order to show cause within the time provided.

Accordingly, on April 21, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed without prejudice. Doc. No. 16. The magistrate judge found that it is clear on this face of his complaint that Plaintiff failed to exhaust administrative remedies prior to initiating this action. Id. at 2. The judge provided Plaintiff fourteen days to file objections to the findings and recommendations. Id. Plaintiff has not filed any objections, and the time to do so has passed. Instead, on May 14, 2021, Plaintiff filed a notice, to which he attached a letter from the Office of Appeals of the California

Department of Corrections and Rehabilitation. Doc. No. 17. The letter indicates that the Office of Appeals denied his administrative appeal regarding the incident underlying this action on April 13, 2021. Id. at 2. Plaintiff initiated this action on June 29, 2020. Doc. No. 1.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's notice, the Court concludes that the findings and recommendations are supported by the record and proper analysis. As the magistrate judge correctly explained, "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (cited source omitted). Exhaustion must be completed before the filing of a complaint; it cannot be completed during the pendency of lawsuit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Thus, even though Plaintiff appears to have recently exhausted his administrative remedies, because he completed the exhaustion process after he filed his complaint, the Court must dismiss this action. Dismissal will be "without prejudice," meaning that Plaintiff may file a new lawsuit based on the now-exhausted claims, if otherwise appropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (Doc. No. 16) issued on April 21, 2021, are ADOPTED in full;
2. This action is DISMISSED without prejudice for failure to exhaust administrative remedies; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   May 24, 2021                    _____
                                          SENIOR DISTRICT JUDGE